**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DAMON BERARDI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 05-cv-0898-MJR** |
| | ) | |
| **THE VILLAGE OF SAUGET,** | ) | |
| **ILLINOIS, and JEFF DONAHEY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

### A. Factual and Procedural History

On December 22, 2005, Plaintiff Damon Berardi filed a complaint with this Court alleging civil rights violations and state law claims against the Village of Sauget, Illinois and Jeff Donahey ("Defendants")(*See* Doc. 1). Berardi brings seven separate counts against Defendants, each asserting a separate theory of recovery. Count III of Berardi's complaint is a **42 U.S.C. § 1983** claim against Sauget based upon *respondeat superior* liability for the actions of Donahey (Doc. 1, ¶¶ 30-34).

Now before the Court is Defendants' motion to dismiss Count III (Doc. 11). Therein, Defendants argue that Count III should be dismissed because *respondeat superior* liability is not a basis for holding Sauget liable pursuant to **42 U.S.C. § 1983.**

### B. Analysis

In his complaint, Berardi expressly acknowledges that *"respondeat superior* liability is not a basis for liability of Defendant Sauget under existing law." (Doc. 11, ¶ 32). In his response to Defendants' motion to dismiss, Berardi repeats this acknowledgment: "*respondeat superior* liability

1

is not a basis for liability for [Sauget] under existing law." (Doc. 16, p. 6).   Nonetheless, Berardi invites this Court to "reexamine existing law ... and allow him to proceed with his claim." *Id.*  The Court refuses to accept this invitation.

Defendants ask this Court to dismiss Count III pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**. Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted.  When considering a motion to dismiss for failure to state a claim, the Court accepts the plaintiff's allegations as true, and construes all inferences in favor of the plaintiff. *Hishon v. King & Spalding,* **467 U.S. 69, 73 (1984);** *Thompson v. Ill. Dep't of Prof. Regulation,* **300 F.3d 750, 753 (7th Cir. 2002).**  Dismissal for failure to state a claim is warranted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mattice v. Memorial Hosp. Of South Bend, Inc.,* **249 F.3d 682, 684 (7th Cir. 2001), citing** *Conley v. Gibson,* **355 U.S. 41, 45-46 (1957).**

This Court acknowledges that the pleading requirements under **Rule 12(b)(6)** are not stringent.  Yet, as Berardi admits in both his complaint and his response to Defendants' motion to dismiss, Count III asserts *respondeat superior* liability against Sauget.  *Respondeat superior* liability fails to support a cause of action against a municipality pursuant to **42 U.S.C. § 1983.** *See, e.g., Board of the County Commissioners of Bryan County v. Brown,* **520 U.S. 937 (1997);** *Oklahoma City v. Tuttle,* **471 U.S. 808 (1985);** *Monell v. Department of Social Services,* **436 U.S. 658, 691 (1978)("a municipality cannot be held liable under § 1983 on a** *respondeat superior* **theory").**

Clearly, then, under existing law, Berardi is legally barred from recovering against Sauget based on *respondeat superior* liability.  Accordingly, the Court **FINDS** that it *does* "appear beyond a reasonable doubt" that Berardi "can prove no set of facts" which could entitle him to relief

on his legally deficient claim. ***See Mattice,*** **249 F.3d at 684.**  Accordingly, the Court **GRANTS**

Defendants' motion (Doc. 11), and **DISMISSES** ***with prejudice*** Count III of Berardi's complaint.

      **IT IS SO ORDERED.**

      **DATED this 20th day of June, 2006.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
