IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAMON BERARDI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 05-cv-0898-MJR |
| | ) |
| **THE VILLAGE OF SAUGET,** | ) |
| **ILLINOIS, and JEFF DONAHEY,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

Before this Court is Plaintiff's motion in limine (Doc. 22), to which Defendants have filed their response (Doc. 27). This matter being fully briefed, the Court now rules as follows.

The **FEDERAL RULES OF EVIDENCE** serve as the primary gatekeepers for the admission of appropriate evidence; motions in limine are more case-specific and rely upon the Federal Rules of Evidence as underpinnings. Properly filed motions in limine permit expeditious and evenhanded management of trial proceedings, permitting the Court to serve as a gatekeeper by eliminating from consideration by the jury evidentiary submissions that ought not be presented to the jury because they clearly would be inadmissible for any purpose.

If the Federal Rules of Evidence supply the answer for admissibility or non-admissibility of a particular piece of evidence, then a motion in limine regarding the same piece of evidence is redundant and unnecessary. The Court frequently is confronted with motions in limine which are nothing more than the Federal Rules of Evidence in disguise – sometimes thinly veiled or not veiled at all. Such is the case with several paragraphs contained in the motion in limine filed

by Plaintiff's counsel (Doc. 22). Because the issues are covered by specific rules of evidence, the Court declines to grant them as part of an order in limine because the Court expects compliance with the Rules of Evidence. The following numbered paragraphs in Plaintiff's motion in limine fall within this category and so the Court rules as indicated:

    Paragraph # 1.    **DENIED** as redundant and covered by the Federal Rules of Evidence. *See* F~ED~. R. E~VID~. **404,607,608** and **609**;

    Paragraph # 3.    **DENIED** as redundant and covered by the Federal Rules of Evidence *See* F~ED~. R. E~VID~. **408**;

The following paragraphs are granted as agreed by Defendant[1]:

Paragraph # 9.    **GRANTED** as agreed by Defendant;

Paragraph # 10.    **GRANTED** as agreed by Defendant;

Paragraph # 17.    **GRANTED** as agreed by Defendant.

The following paragraphs fall into the category of discovery-related issues and are **DENIED** at this time because the Court does not have sufficient information to rule upon them, because they are overbroad, or because they should have been raised in a properly-filed *Daubert* motion before the dispositive motion deadline:

Paragraphs # 4, 5, 6, 7, 8, 14, 16, and 19.    **DENIED** for the reasons set forth above.

The following motions are **GRANTED PROVISIONALLY** with the understanding they are supported by well-established case law and with the further understanding that Plaintiff may inadvertently "open the door," making the testimony admissible:

---

[1] Defendants agrees to one or more of these motions on the condition it equally applies to Plaintiff. It is improper to condition a response in that manner.

Paragraph # 11[2]	**GRANTED PROVISIONALLY**

Paragraph # 13	**GRANTED PROVISIONALLY**

Paragraph # 15	**GRANTED PROVISIONALLY**

Paragraph # 18	**GRANTED PROVISIONALLY**

In Paragraph # 2, Plaintiff seeks to preclude the jury from learning that he was found guilty of disorderly conduct based upon the underlying operative facts of his current lawsuit. Defendant objects.

The Court notes initially that Plaintiff's claim, insofar as it is brought under **42 U.S.C. § 1983** is not barred by the rule announced in ***Heck v. Humphrey*, 512 U.S. 477 (1994)**. The Seventh Circuit has noted that an excessive force claim is not necessarily an attack on a conviction for resisting arrest. ***See VanGilder v. Baker*, 435 F.3d 689 (7th Cir. 2006).** When an arrestee is resisting, the use of force by officers is authorized. Nonetheless, resisting arrest does not grant officers license to use *unlimited* force. Accordingly, the issue becomes the relevancy of a finding of guilt for disorderly conduct vis-a-vis Plaintiff's various claims for excessive force, assault and battery. In this matter, the Court **FINDS** the finding of guilt irrelevant to Plaintiff's present claims and therefore inadmissible pursuant to **FED. R. EVID. 401.**

The Court further finds that even if the evidence was relevant, such evidence still is inadmissible under **FED R. EVID. 403** because its probative value is substantially outweighed by its prejudicial effect. The evidence carries the risk of misleading, confusing and prejudicing the jurors because they may presume, erroneously, that police officers have unbridled license to use whatever

---

[2] The Court assumes this request is regarding habit testimony.

force is necessary – even excessive force – in effectuating the arrest of a "disorderly" individual. Accordingly, for the reasons set forth above, the Court **GRANTS** Paragraph # 2 of Plaintiff's motion in limine (Doc. 22).

As for the argument presented in Paragraph # 12, the Court cannot rule on this issue without further information. Accordingly, the Court **RESERVES RULING** on Paragraph # 12 and will hear brief argument on those issues at the final pretrial conference.

**IT IS SO ORDERED.**

**DATED this 6th day of February, 2006.**

                                                 **s/ Michael J. Reagan**
                                                 **MICHAEL J. REAGAN**
                                                 **United States District Judge**