IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAMON BERARDI**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **05-898-CJP** |
| | ) | |
| **VILLAGE OF SAUGET, ILLINOIS, et al.**, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion to compel non-party Granite City Board of Fire and Police Commissioners to produce a variety of documents requested via subpoena, which purportedly relate to defendant Jeff Donahey's application for employment with the Granite City Police Department. **(Doc. 73).** The Granite City Board of Fire and Police Commissioners contends the materials sought: (1) constitute confidential personnel information that is protected by the Illinois Freedom of Information Act (5 ILCS 140/1 et seq.); and (2) is protected by the deliberative process privilege. **(Doc. 73).** Defendant Donahey further objects that, insofar as his academic transcript, birth certificate and driver's license are sought, those documents are personal, confidential and not relevant. **(Doc. 74).**

Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter relevant to the subject matter of the pending action, so long as the sought after information is not privileged, even if inadmissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue

1

that is or may be in the case. ***Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).**

Plaintiff alleges that defendant Donahey, who was then a Sauget police officer, used excessive force against plaintiff. Plaintiff further alleges the defendant Village of Sauget failed to instruct, supervise and control Donahey. Plaintiff now seeks Donahey's subsequent application for employment with the Granite City Police Department; his personnel file; and the contents of any background check or investigative information on Donahey. **(Doc. 70-2, p. 1).** The relevance of the information is only narrowly challenged by defendant Donahey, relative to his academic transcript, birth certificate and driver's license. Plaintiff is proceeding under 42 U.S.C. § 1983. **(*See* Doc. 55).**

The Court of Appeals for the Seventh Circuit has observed that "the contents of [employee personnel files] are by no means uniform. Some information contained in personnel files may be completely innocuous while other information could be of the most personal and sensitive nature." ***National Labor Relations Board v. Pfizer*, 763 F.2d 887, 891 (7th Cir. 1985).** The relevance of Donahey's academic transcript, birth certificate and driver's license is not at all apparent, and the Court is loathe to expose those particular documents unnecessarily when identity theft concerns each every one of us. Therefore, the Court will specifically exclude Donahey's academic transcript, birth certificate and driver's license from discovery. If plaintiff can explain the relevance of any of that information, the Court will remain open to reconsidering the issue.

Insofar as the Granite City Board of Fire and Police Commissioners claims protection under the Illinois Freedom of Information Act (5 ILCS 140/1 et seq.), in accordance with Federal Rule of Civil Procedure 501, federal common law, not state law, control questions of privilege.

2

*See Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 926 (7th Cir. 2004).

The deliberative process privilege is recognized under federal law. "The deliberative process privilege protects communications that are part of the decision-making process of a governmental agency." *United States v. Farley,* 11 F.3d 1385, 1389 (7th Cir. 1993). It is axiomatic that "the privilege only protects expressions of opinion or recommendations; it does not protect purely factual material." *Bobkoski v. Board of Educ.,* **141 F.R.D. 88, 91 (N.D.Ill.1992) (citations omitted).** Donahey's subsequent application for employment with the Granite City Police Department, his personnel file and the contents of any background check or investigative information on Donahey do not readily appear to reveal anything about the Board's deliberative process. Insofar as the investigative materials purportedly contain a polygraph examiner's report, although it is unlikely that report will be permitted into evidence at trial, under the broad scope of discovery, plaintiff shall be permitted to obtain it from the Board.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel the Granite City Board of Fire and Police Commissioners to produce Jeff Donahey's application for employment with the Granite City Police Department, his personnel file, and the contents of any background check or investigative information on Donahey **(Doc. 70)** is **GRANTED IN PART AND DENIED IN PART**, in that on or before **February 22, 2008**, all of the requested materials shall be produced to plaintiff Berardi, <u>except</u> for Donahey's academic transcript, birth certificate and driver's license.

**DATED: February 15, 2008**          s/ Clifford J. Proud
                                      **CLIFFORD J. PROUD**
                                      **U. S. MAGISTRATE JUDGE**