IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAMON BERARDI**, )
)
       Plaintiff, )
)
V. ) Civil No. **05-898-CJP**
)
**VILLAGE OF SAUGET, ILLINOIS, et al.,** )
)
       Defendants. )

## ORDER

**PROUD, Magistrate Judge:**

Before the Court are two related motions filed by defendants the Village of Sauget and Jeff Donahey: (1) Defendants' Motion in Limine, which does not seek to limit any evidence, but instead requests that plaintiff be ordered to disclose what prior occurrences, if any, plaintiff will seek to admit into evidence at trial **(Doc. 79)**; and (2) Defendants' Motion in Limine to Preclude Use of Prior Complaints or Incidents as Evidence **(Doc. 80)**. Plaintiff Damon Berardi opposes both motions, generally asserting that evidence of other complaints and incidents of police abuse by the Sauget Police Department and defendant Donahey is relevant to show the customs and practices of the Police Department, plan, intent and knowledge of the defendants, and plaintiff's entitlement to punitive damages. **(Doc. 91).**

Plaintiff specifies that he seeks to admit one of the three incidents of alleged police abuse found relevant and admissible in *Rittmeyer v. Parisi*, Doc. 94, Case No. 03-CV-145-DRH-CJP (S.D.Ill. Nov. 22, 2004); and seven of eight alleged incidents of police abuse found relevant and

1

admissible in *Martin v. Phillips*, Doc. 57, Case No. 05-CV-881-GPM-DGW (Nov. 5, 2007).[1] All of the exemplar cases from *Rittmeyer* and *Martin* settled. Plaintiff also would admit evidence of the incident at issue in *Martin*, a case in which there was a plaintiffs' verdict, which was recently settled while on appeal. In addition, plaintiff indicates he intends to introduce evidence from three cases filed (and eventually settled) in this District: *Covington v. Village of Sauget*, Case No. 05-CV-239-GPM-DGW; *Stevens v. Village of Sauget*, Case No. 05-CV-240-WDS-PMF; and *Durham v. Village of Sauget*, Case No. 06-CV-692-JPG-PMF. Finally, plaintiff would admit evidence of a June 2001 incident involving defendant Donahey and Shawn Bagley and Eric Beamer.

### A. Disclosure of Intent to Introduce Prior Incidents

Knowing what prior occurrence evidence plaintiff intends to use at trial is in the interest of judicial economy and will aid in trial preparation. In that plaintiff has disclosed the aforementioned prior occurrences plaintiff intends to introduce, defendants' motion **(Doc. 79)** appears to be moot. However, the Court expects all parties to list in the final pretrial order all prior incidents they intend to introduce at trial, so that any additional motions in limine may be filed and resolved prior to trial. Therefore, defendants' motion **(Doc. 79)** is granted; all prior incidents any party intends to introduce, whether in their case-in-chief or in rebuttal, shall be listed in the final pretrial order, along with an indication of the specific proof of each incident that the party intends to introduce.

---

[1]*Schwann v. Sauget*, Case No. 92-L-59; *Rittmeyer v. Parisi*, Case No. 03-CV-145-DRH-CJP; *Benson v. Sauget*, Case No. 05-CV-843-DRH-CJP; *Harper v. Village of Sauget*, Case No. 05-CV-397-PMF; *Scaturo v. Village of Sauget*, Case No. 05-CV-208-MJR-PMF; *Maxwell v. Village of Sauget*, Case No. 06-CV-451-GPM; *Cuningham v. Village of Sauget*, Case No. 06-CV-570-DRH-DGW; and *Flowers v. Donahey*, Case No. 05-CV-764-DRH-DGW.

### B. Use of Other Complaints or Incidents

In accordance with the principles of municipal liability discussed in *Monell v. Department of Social Services*, 436 U.S. 658 (1978), defendants anticipate plaintiff will attempt to prove a pattern of prior, substantially similar wrongs by Sauget police officers that constitutes a custom or policy sufficient for liability to attach to the Village of Sauget for the acts of Officer Donahey. Defendants contend that the mere fact that other lawsuits have been filed against the defendants, or the complaints from other actions, without other proof or foundation of the facts alleged in those complaints, is not admissible hearsay and is irrelevant. Defendants' arguments relate to the evidentiary basis for admission of prior complaints, the time span of the complaints, the similarity of the circumstances involved, and possible resulting prejudice.

More specifically, defendants assert that the bulk of the complaints were filed in 2005 or later– after the December 2004 incident at issue in this complaint. Defendants also assert that the Village was not on notice of all of the complaints. Defendants contend that the number of complaints is nothing more than a reflection of the nature of the nightclub district, as discussed in *Brooks v. Scheib*, 813 F.2d 1191, 1193-1194 (11th Cir. 1987). Defendants take issue with using complaints from years before the incident at issue to evidence a policy, which may have since been abandoned or remedied. Defendants also object to any attempt to use "scattershot accusations or unrelated constitutional violations. In the event the Court finds any prior complaints relevant, defendants argue that such evidence should be excluded pursuant to Federal Rule of Evidence 403, because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues, and will mislead the jury. Defendants cite *Vukadinovich v. Zentz*, 995 F.2d 750 (7th Cir. 1993), in which prior complaints

against officers (including some officers involved in the case at bar) were excluded. Defendants argue that the admission of prior complaints would require them to, in effect, defend itself against multiple claims, some against other police officers.

Plaintiff counters many of the defendants' arguments by specifically identifying thirteen prior incidents/complaints (legal actions and apparently informal complaints) he intends to introduce at trial. All of the incidents involve the alleged use of excessive force by Sauget police officers (by beating and/or taser), and several occurred in the vicinity of a nightclub. Defendant Donahey was involved in all of the cases, except one, *Scaturro v. Village of Sauget*, Case No. 05-CV-208-MJR-PMF, which was deemed admissible in *Martin*. Twelve of the thirteen incidents occurred prior to the incident involving plaintiff Berardi, although ten of the complaints were not filed until after the December 2004 Berardi incident.

Plaintiff argues the thirteen incidents are relevant and admissible to show polices, customs and practices of the Village of Sauget that would support municipal liability for the alleged failure to instruct, supervise and control defendant Donahey. More specifically, plaintiff proffers a theory that the incidents evidence acquiescence, tolerance and ratification of federal civil rights violations. In addition, plaintiff argues that the thirteen incidents are admissible to show entitlement to punitive damages in terms of the reprehensibility of the defendants' repeated actions.

Plaintiff counters the defendants' hearsay argument by asserting that he intends to introduce testimony and other evidence of previous victims of abusive conduct and Village's response to those incidents to demonstrate the Village's unconstitutional policies, customs and practices. Plaintiff contends the probative value of such evidence outweighs any prejudice to the

4

defendants. Plaintiff specifically notes the many settlements favorable to the plaintiffs in the cases against defendant Donahey, and the sheer volume of complaints against Donahey. Plaintiff also highlights Sauget Police Chief Patrick Delaney's testimony that the number of lawsuits against Donahey "brings up red flags."

Plaintiff brings suit pursuant to 42 U.S.C. § 1983, alleging that defendant police officer Donahey used excessive force in violation of the Fourth Amendment, and further alleging that the defendant Village of Sauget's customs and practices actually caused Donahey's actions. **(Doc. 1).** A municipality, such as the Village of Sauget, cannot be held liable in a Section 1983 action based on a theory of respondeat superior or vicarious liability. ***Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).** Rather, local governing bodies

> can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, ... local governments ... may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

*Id*. **at 690-691.** In *Monell*, the Supreme Court, citing its holding in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-168 (1970), recognized that customs and usages can form a basis for liability because, the persistent and widespread discriminatory practices of government officials, although not authorized by written law, can be so permanent and well settled as to have the force of law. ***Monell*, 436 at 691.**

Subsequent to *Monell*, the Supreme Court emphasized that the municipality's deliberate conduct or indifference must be the "moving force" behind the injury, and that there must be a

direct causal link.  ***Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404-405 (1997).**  For example, officials on notice that a training program does not prevent constitutional violations, but who continue to adhere to that program, may establish deliberate indifference; similarly, a pattern of tortious conduct may show that a lack of proper training, not factors particular to an officer, is the moving force behind the plaintiff's injury**. *Id.* at 407-408 *(citing City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989)).**  However, generalized statistical summaries regarding complaints, not backed up by specific data of similar illegality, are insufficient.  ***Strauss v. City of Chicago*, 760 F.2d 765, 768-769 (1985),**

      Plaintiff Berardi wants to use the aforementioned 13 incidents/complaints to establish the defendant Village's liability by showing a pattern of conduct by Donahey and others.  Defendants correctly object that the complaints filed in the legal actions and/or the fact of those legal actions, *without supporting evidence*, are nothing more than hearsay, particularly since all of those cases were settled.  *See **Smith v. City of Joliet*, 965 F.2d 235, 237 (7th Cir. 1992) (hearsay accounts of incidents, and court files from dismissed cases, without supporting affidavits or depositions, amount to no more than bald allegations and are insufficient to survive summary judgment);** *see also **Vukadinovich v. Zentz*, 995 F.2d 750, 755-756 (7th Cir. 1993) (complaints against officers, news articles, copies of actions, and a departmental investigation report of the defendant officer after the events involved were properly excluded under Federal Rule of Evidence 403; furthermore, the prior complaints arose from dissimilar events).**  Plaintiff does not contest that point; rather, plaintiff asserts he will present testimony and other evidence of previous victims of abusive conduct and the Village's response to those incidents to demonstrate the Village's unconstitutional policies, customs and

practices. Such proof may be satisfactory, but until that evidence is actually presented to the Court, further analysis is impossible.

At his juncture, based on the descriptions offered by plaintiff, 12 of the 13 incidents plaintiff desires to introduce at trial appear to be sufficiently similar to the allegations in this action, in terms of the time frame and type of incident. *Schwann v. Sauget*, Case No. 92-L-59, the so-called "Glen Carr incident," is far too old an incident to be relevant and must be excluded, as it was in *Martin*, even though it was found admissible (without discussion) in *Rittmeyer*. With respect to the incidents plaintiff wants to introduce which occurred prior to the Berardi incident, the fact that legal action was not formally initiated until after is not dispositive to relevance. The Village of Sauget *may* very well have been aware of the incidents, so as to have notice for purposes of the *Monell* method of proof of municipal liability– there is insufficient information before the Court *at this juncture*. Similarly, there is no evidence before the Court regarding whether the prior incidents pertain to policies that were abandoned before the Berardi incident.

> [Federal Rule of Evidence] 403 provides a district court with discretion to exclude evidence where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." . . . [E]vidence is considered unfairly prejudicial, not merely because it damages the opposing party's case, but also because its admission makes it likely that the jury will be induced to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented....' " *United States v. Connelly,* 874 F.2d 412, 418 (7th Cir.1989) (quoting *Young v. Rabideau,* 821 F.2d 373, 377 (7th Cir.1987)).

**Thompson v. City of Chicago, 472 F.3d 444, 456 -457 (7th Cir. 2006).**

The evidence of prior, similar incidents is obviously relevant and necessary (in accordance with *Monell*) to the claim against the Village of Sauget. However, the Village argues that it is prejudicial to have to, in essence, defend against 13 separate actions. Given that the

7

prior incidents are an approved method of proof under *Monell*, the Court does not perceive any prejudice to the Village that cannot be countered by cross-examination and the presentation of rebuttal evidence.

With respect to defendant Donahey, his liability can only be based on the specific incident involving plaintiff Berardi. The Fourth Amendment's "objective reasonableness" standard is applicable to excessive force claims and is judged from the perspective of a reasonable officer on the scene, rather than with 20/20 hindsight. **Graham v. Connor, 490 U.S. 386, 388 and 396 (1989).** Therefore, from Donahey's perspective, the prior incidents are irrelevant[2], prejudicial and likely to cause confusion. Plaintiff counters that the prior incidents are relevant to the availability of punitive damages, which are claimed against both defendants.

Punitive damages are generally available in a Section 1983 civil rights action. **Smith v. Wade, 461 U.S. 30, 35 (1983).** However, municipalities are immune from punitive damages under Section 1983. **City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).** As plaintiff observes, the degree of reprehensibility of the defendant's misconduct is the most significant factor in assessing punitive damages, and whether the conduct involved repeated actions is a variable to be considered when determining reprehensibility. *See generaly* **Estate of Moreland v. Dieter, 395 F.3d 747, 756-757 (7th Cir. 2005) (citing State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408, 418-419 (2003)).** Recidivists may be

---

[2] Defendants do not argue that the prior incidents are inadmissible under Federal Rule of Evidence 404(b). Rule 404(b) prohibits the use of evidence of other crimes, wrongs or acts to prove the character of a person in order to prove that person acted in conformity therewith. However, such evidence may be admitted for other purposes. However, except for citing his prayer for punitive damages, plaintiff does not otherwise explain how else he envisions the 13 other incidents being used at trial.

8

punished more severely, but

> [a] defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages. A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business. Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis.

***State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 422-423 (2003).**
The Supreme Court recognized the desirability of avoiding "double counting" and the possibility of duplicative punitive damages awards that subsequent plaintiffs could also recover, because "in the usual case nonparties are not bound by the judgment some other plaintiff obtains." ***Id.* at 423;** *but see* ***Woodward v. Correctional Medical Services of Illinois, Inc.*, 368 F.3d 917, 930-931 (2004) (distinguishing *Campbell* and thereby permitting evidence of defendant's other misconduct in the same prison facility for purposes of assessing punitive damages).**

The introduction of evidence of prior incidents is overly prejudicial to defendant Donahey, particularly since his liability must be based solely on the alleged misconduct involving plaintiff Berardi. Plaintiff's argument that the prior incidents should be admitted relative to punitive damages is not well taken. This scenario presents too great a chance of prejudice and confusion of the issues regarding liability, as well as a substantial chance of a duplicative punitive damages award. This Court considers *State Farm Mutual Automobile Insurance Co. v. Campbell* controlling and on-point. The due process concerns recognized in *Campbell* were reiterated in the Supreme Court's recent decision in *Exxon Shipping Co. v. Baker*, __ U.S. __, 128 S.Ct. 2605, 2626 (2008), citing *Campbell*, even though the *Exxon* case was distinguished because maritime law controlled. The Supreme Court went on to stress that, with few exceptions, awards exceeding a single-digit ratio between punitive and compensatory

9

damages will not withstand a due process challenge. *Id.* **at 2626 and 2634.**

The fact that all of the cases cited by plaintiff have settled only serves to highlight the problem in permitting the introduction of other incidents. No liability has been found in the other cases and money has already been paid to those plaintiffs– in some instances on Donahey's behalf. Permitting the introduction of evidence of other prior incidents, even if involving defendant Berardi and scenarios similar in nature to the Berardi incident, would require Berardi to, in effect, defend against each of those complaints as if it were another case– each being a fact-specific determination of the reasonableness of any force used. Therefore, in accordance with Federal Rule of Evidence 403 and *State Farm Mutual Automobile Insurance Co. v. Campbell*, evidence of the 13 prior incidents cited by plaintiff will not be permitted as to defendant Donahey.

### C. Possible Severance

In light of the Court's provisional ruling that evidence of 12 of the 13 prior incidents cited by plaintiff may be used to establish municipal liability in accordance with *Monell*, but none of that evidence can be used relative to defendant Donahey, the Court is open to the possibility of severing the trial of the two defendants. Therefore, the parties are invited to brief the issue prior to the final pretrial conference, which is currently set for August 14, 2008.

**IT IS THEREFORE ORDERED** that, for the aforestated reasons:

1. The defendants' "motion in limine" requesting that plaintiff be ordered to disclose what prior occurrences, if any, plaintiff will seek to admit into evidence at trial **(Doc. 79)** is **GRANTED**; <u>all</u> prior incidents any party intends to introduce (not otherwise excluded by this order), whether in their case-in-chief or in rebuttal, shall be listed in the final pretrial order, along with an indication of the specific proof of each incident that the party intends to introduce;

2. Defendants' motion in limine to preclude use of prior complaints or incidents

as evidence **(Doc. 80) is GRANTED IN PART AND DENIED IN PART**; evidence of other incidents may be introduced as to defendant Village of Sauget, but is inadmissible as to defendant Donahey, as detailed in this order; and

3. If any party desires to file a brief regarding their position on severing the trials of the two defendants, briefs must be filed on or before **August 1, 2008**.

**IT IS SO ORDERED.**

**DATED: July 17, 2008**               **s/ Clifford J. Proud**
                                       **CLIFFORD J. PROUD**
                                       **U. S. MAGISTRATE JUDGE**