IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAMON BERARDI**, )
)
      Plaintiff, )
)
V. ) Civil No. **05-898-CJP**
)
**VILLAGE OF SAUGET, ILLINOIS, et al.,** )
)
      Defendants. )

## ORDER

**PROUD, Magistrate Judge:**

     The defendants, the Village of Sauget and Jeff Donahey, are before the Court moving for separate trials, pursuant to Federal Rule of Civil Procedure 42(b). **(Doc. 94).** The defendants propose trying the Section 1983 civil rights action against defendant Donahey first and, if liability is found, having a second trial against the Village to determine municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). **(Doc. 95).**

     The defendants primarily cite unfair prejudice to defendant Donahey and confusion stemming from the introduction of "prior occurrence" evidence in the case against the Village, which has been excluded from admission in the case against defendant Donahey. **(*See* Doc. 92).** The defendants also note that municipal liability must be predicated upon defendant Donahey being found liable in his individual capacity. Defendants argue that if Donahey is not found liable, there will be no need for the presentation of evidence regarding the 12 disputed incidents plaintiff contends establish a custom, practice or policy by the Village of acquiescence, tolerance and ratification of civil rights violations, and which evince the Village's failure to instruct, supervise and control Donahey.

1

Plaintiff Damon Berardi opposes bifurcation. **(Doc. 98).** Plaintiff argues that other tools, such as limiting instructions, can be used to address the defendants' concerns, and that bifurcation creates a risk of unfairly prejudicing him, with respect to the fair valuation of his damages. Plaintiff fears that if the damages issue is presented to the jury in the Donahey trial, the jury may conclude Donahey is liable to pay any judgment out of his own pocket and the award would be low– which plaintiff asserts cannot be adequately remedied with a jury instruction. Plaintiff also observes that there will be added time and expense in conducting two trials, possibly before two different juries. Plaintiff posits that the parties can enter into stipulations regarding the presentation of the evidence underlying the 12 other occurrences plaintiff wants to introduce relative to municipal liability.

In reply, the defendants make clear that there is little likelihood of any stipulation as to the evidence of other complaints/incidents. **(Doc. 101).** Defendants stress that the number of complaints/incidents lodged against defendant Donahey and other Sauget police officers is not determinative of the validity of plaintiff Berardi's claim, particularly given the unique environment of the Village of Sauget and its nightclubs. Defendants also opine that a limiting instruction is not likely to prevent confusion and, ultimately, improper consideration of prior incidents relative to defendant Donahey, whose liability must be specific to the events involving plaintiff Berardi. Defendants note that there are scenarios that would cause defendant Donahey to personally shoulder the expense of all or part of any award. They allege that plaintiff is merely attempting to enable the jury to see a "deep pocket" in the form of the Village when they are determining any damage award against defendant Donahey.

In the event the Court bifurcates the trial of the two defendants, plaintiff requests an

opportunity to be heard further on how and when the damages will be submitted to the jury. **(Doc. 98).**

## Analysis

The Court has discretion to bifurcate a trial, provided that bifurcation: (1) serves the interests of judicial economy or is done to prevent prejudice to a party; (2) does not unfairly prejudice the non-moving party; and (3) does not violate the Seventh Amendment right to a jury trial. **Fed.R.Civ.P. 42(b);** *Houseman v. United States Aviation Underwriters*, **171 F.3d 1117, 1121 (7th Cir.1999).**

As explained in *Monell v. Department of Social Services*, 436 U.S. 658, 690-691 (1978), an alleged violation of a person's constitutional rights can give rise to two *separate and distinct* Section 1983 civil rights actions: one against the offending official, and one against the state or municipality in whose name the official acted. The defendant state or municipal actor's liability for a constitutional violation is a prerequisite to finding liability against the defendant state or municipality. *See City of Los Angeles v. Heller,* **475 U.S. 796, 799 (1986).** However, municipal liability is not derivative, it is based on the municipality's policies, customs and practices and their causal connection to the officer's wrongdoing. *Monell***, 436 U.S. at 695; and** *Board of County Commissioners of Bryan County, Oklahoma v. Brown***, 520 U.S. 397, 404-405 (1997).** And, the available damages are equally separate and distinct because, "[m]isbehaving employees are responsible for their own conduct[;] 'units of local government are responsible only for their policies rather than misconduct by their workers.' "  *Lewis v. City of Chicago,* **496 F.3d 645, 656 (7th Cir. 2007) (quoting** *Fairley v. Fermaint***, 482 F.3d 897, 904 (7th Cir. 2007));** *see also Estate of Sims ex rel. Sims v. County of Bureau***, 506 F.3d 509, 515 (7th Cir. 2007).**

Consequently, it is easy to see why such actions *may* necessitate bifurcation.

In this particular action, the Court has already ruled that, in accordance with *Monell,* evidence of prior, similar incidents is relevant and necessary to the claim against the Village of Sauget. Nevertheless, in accordance with Federal Rule of Evidence 403 and *State Farm Mutual Automobile Insurance Co. v. Campbell*, that same evidence will not be permitted as to defendant Donahey, not even with respect to the issue of punitive damages. (*See* **Doc. 92**).

The potential benefits in terms of judicial economy are fairly obvious. The case against defendant Donahey can be presented relatively succinctly, without delving too far into the Village's policies, customs and practices, and without reference to the 12 disputed prior incidents. If Donahey is found not liable for any constitutional violation, the case against the Village would be moot and no time, effort and expense will have been wasted in presenting the case against the Village. If Donahey is found liable, a second trial will require some additional time and expense, over and above what a unitary trial would entail. Because the 12 prior incidents are strongly contested by the defendants, plaintiff's suggestion that stipulations could shorten the time it will take to present the case against the Village is not well taken. Without speculating on the probability that defendant Donahey will be found liable, the additional time and expense associated with bifurcation pales in comparison to the prejudice and confusion that can be avoided.

The Court finds the chance for prejudice to the defendants particularly problematic in this case. Confusion of the evidence and the two distinct bases for liability and damages seems unavoidable, where plaintiff intends to present evidence of 12 disputed incidents involving defendant Donahey. Trying the two causes of action together invites the jury to unfairly find

4

defendant Donahey liable due to a virtual tidal wave of evidence of other acts.

Plaintiff argues that bifurcation will unfairly prejudice him with respect to the valuation of his damages. Plaintiff fears that if the damages issue is presented to the jury in the Donahey trial, the jury may conclude Donahey is liable to pay any judgment out of his own pocket and the award would be low– which plaintiff asserts cannot be adequately remedied with a jury instruction. That argument is speculative, and plaintiff ignores the equal possibility that the jury will assume Donahey is indemnified in some manner, causing an inflation of any award. The jury's speculation in either direction is not necessarily dependent upon the defendants being tried together. Furthermore, the use of jury instructions to make clear the appropriate parameters of the jury's considerations is preferable and surely more effective than merely trying the two defendants together.

With respect to compensatory damages, it appears that Donahey would be indemnified by statute (745 ILCS 10/9-102), but the scope and applicability of the Village's insurance policy is not known to the Court, and may be dependent upon whether there is an award of punitive damages. In any event, the Court does not perceive any unfair prejudice to plaintiff in trying the two defendants separately. Rather, the risk of confusion between the liability of the two defendants again favors bifurcation.

As noted above, questions regarding indemnification and insurance remain. Plaintiff's request for an opportunity to be heard further on how and when the damages will be submitted to the jury is well taken. The parties should raise these issues at the final pretrial conference, if not before then.

Neither plaintiff nor the defendants argue that bifurcation would impact their rights under the Seventh Amendment. Because each defendant would still be entitled to trial by jury if there is bifurcation, no one's Seventh Amendment right to trial by jury would be prejudiced. Both causes of action are distinct and fact-specific, and all factual issues will be tried by a jury. *See Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117 (7th Cir. 1999) (**two separate juries may even be used, and overlapping evidence considered, provided the juries are not separately deciding factual issues essential to the outcome of both trials**).

**IT IS THEREFORE ORDERED** that, for the aforestated reasons, the defendants' motion for separate trials **(Doc. 94)** is **GRANTED**. A final pretrial conference, where both trials will be simultaneously addressed, will be set by separate notice. The parties should file any and all motions no later than 10 days before that conference; responses to any motion must be filed no later than five days before the final pretrial conference.

**IT IS SO ORDERED.**

DATED: December 12, 2008          s/ Clifford J. Proud
                                  **CLIFFORD J. PROUD**
                                  **U. S. MAGISTRATE JUDGE**