IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAMON BERARDI**, )
)
    Plaintiff, )
)
V. ) Civil No. **05-898-CJP**
)
**VILLAGE OF SAUGET, ILLINOIS, et al.,** )
)
    Defendants. )

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff Berardi's Motion to Strike and Motion in Limine **(Doc. 106)**, and the defendants' response thereto **(Doc. 109)**.

### Plaintiff's First Motion in Limine

In the trial relative to defendant Jeff Donahey, plaintiff Damon Berardi moves to prohibit defendant from offering any evidence regarding the following enumerated categories of information. The Court's rulings appear in bold.

    1.    Any evidence, statement, or argument of other crimes, wrongs, or acts to prove the character of Plaintiff's witnesses to show that they acted in conformity with that character during the incident mentioned in the Complaint *See* Fed. R. Evid. 404 and Fed. R. Evid. 609(a)(1).

    **GRANTED. Defendant does not object, provided the Rules of Evidence are applied equally to both parties, which, of course, will be the case.**

    2.    Any evidence, statement, or argument of crimes committed by Plaintiff

1

including, especially, the conviction for an ordinance violation in connection with the events of December 26-27, 2004. Such evidence cannot be employed properly to prove character *See* Fed. R. Evid. 404; and the probative value of admitting evidence of that conviction does not outweigh its prejudicial effect. *See* Fed. R. Evid. 609(a)(1).

**RULING RESERVED. Plaintiff contends his conviction for disorderly conduct resulted from a "finding of guilt," while defendant asserts plaintiff pled guilty to the offense. Until this material issue is cleared up, the Court cannot properly analyze this issue. Furthermore, the admission of the conviction would be contingent upon plaintiff arguing to the jury that he had done *nothing* wrong, which remains to be seen.**

3. Any evidence, statement, or argument about settlement negotiations. Evidence of settlement negotiations is inadmissible. *See* Fed. R. Evid. 408.

**GRANTED. Defendant does not object, provided the Rules of Evidence are applied equally to both parties, which, of course, will be the case.**

4. Any evidence by an expert witness who was not identified as a testifying expert in responses to interrogatories and not designated by the time set forth in the pretrial order or local rule. *Coastal Fuels, Inc. v. Caribbean Pet. Corp.,* 79 F.3d 182, 202-03 (1st Cir. 1996); *see In re Paoli R.R. yard PCB Litig.,* 35 F.3d 717, 738-41 (3d Cir. 1994); *Alldread v. City of Grenada,* 988 F.2d 1425, 1435-36 (5th Cir. 1993).

**DENIED. Defendant is unaware of any "surprise expert witnesses." Insofar as experts may have been disclosed and/or deposed after the deadlines set by the Court, but**

2

**without formal objection, the Court considers the parties to have waived any objection at this juncture.**

  5. Any opinion by an expert witness that is not supported by admissible facts. *See Guillory v. Domtar Indus. Inc.,* 95 F.3D 1320, 1331 (5TH Cir. 1996).

  **GRANTED. Subject to a formal objection during trial, the Court will apply the Rules of Evidence to all witnesses and evidence.**

  6. Any evidence by an expert witness that is outside the scope of the expert's written opinion produced during pretrial discovery. *See Thudium v. Allied Prods. Corp.,* 36 F.3d 767, 769-70 (8th Cir. 1994).

  **GRANTED. Subject to a formal objection during trial, the Court will apply the Rules of Evidence to all witnesses and evidence.**

  7. Any secondary evidence presented because Defendant did not make a sufficiently diligent search for material requested during discovery. *See Cartier v. Jackson,* 59 F.3d 1046, 1048 (10th Cir. 1995).

  **RULING RESERVED. This category is far too broad for proper analysis. The Court will entertain specific objections during trial.**

  8. Any evidence Defendant did not produce in discovery, including the pretrial disclosure. Defendant should not be permitted to present any witness he did not name or any evidence he did not produce in his disclosures or interrogatories.

  **RULING RESERVED. This category is far too broad for proper analysis. The Court will entertain specific objections during trial.**

  9. Any evidence, statement, or argument suggesting that Plaintiff, through

his attorney, asserted claims of privilege during discovery. Claims of privilege are not admissible as evidence. *See* Fed. R. Evid. 501.

**GRANTED.**

10. Any attempt to elicit testimony from Plaintiff about communications with his lawyers. Such communications are privileged. *See* Fed. R. Evid. 501.

**GRANTED.**

11. Any evidence, statement, or argument that Plaintiff abuses alcohol. Even though evidence of a habit or routine practice may be admissible to prove that a party's conduct on a particular occasion conformed with the habit or routine practice, evidence of past conduct that does not rise to the level of habit is inadmissible. *See* Red. R. Evid. 406, 608(b).

**RULING RESERVED. Evidence of alcohol abuse on the night at issue is anticipated to be admitted, but the Court will otherwise apply the Federal Rules of Evidence.**

12. Any evidence, statement, or argument that Plaintiff and/or his family members told a nurse or treating physicians that he was "drunk" or intoxicated, including such references in any medical history. This evidence would unduly prejudice the jury against Plaintiff.

**RULING RESERVED. The context and nature of any statements regarding plaintiff being drunk or intoxicated will have to be analyzed in accordance with the Federal Rules of Evidence and the exceptions thereto.**

13. Any evidence, statement, or argument of Defendant's financial adversity or Plaintiff's financial prosperity.

**GRANTED IN PART AND DENIED IN PART. This ruling is made under the assumption plaintiff seeks punitive damages, as indicated in the final pretrial order.**

**As a general matter, the parties' financial status is inadmissible. However, under Illinois law, the financial status of the defendant is one of the factors to be considered in analyzing the amount of a punitive damages award.** *See Republic Tobacco Company v. North Atlantic Trading Company, Inc.,* **381 F.3d 717, 735 (7th Cir. 2004). With respect to the federal claim, the defendant's financial hardship may be admissible vis-a-vis punitive damages.** *See Harris v. Harvey***, 605 F.2d 330, 341 (7th Cir. 1979).**

14. Any evidence, statement, or argument of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify in this case.

**DENIED. If the situation arises, the Court will rule and instruct the jury consistent with Seventh Circuit Pattern Civil Jury Instruction 1.19 and** *Oxman v. WLS-TV***, 12 F.3d 652, 661 (7th Cir. 1993), regarding a missing witness.**

15. Any attempt to request Plaintiff's counsel to produce documents, to stipulate to any fact, or to make any agreement in the presence of the jury.

**GRANTED. However, this ruling only pertains to an attempt to propose a stipulation in an attempt to "corner" opposing counsel or make opposing counsel look uncooperative.**

16. Any statement of the law, other than that regarding the burden of proof

and the basic legal definitions counsel believe to be applicable, before the court rules on the law applicable to this case.

**GRANTED. The Court will entertain a sidebar discussion of any contested matters of law.**

17. Any evidence, statement, or argument that Plaintiff's attorney has a contingency fee in the suit.

**GRANTED.**

18. Any other reference to collateral sources, including group medical insurance benefits or payments, disability insurance benefits or payments, money or benefits deriving from sick leave or vacation time, and the like.

**GRANTED. Exceptions will be considered via argument at sidebar. Bills containing references to collateral sources should be redacted accordingly.**

19. Any evidence, statement, or argument about injuries Plaintiff suffered before the injuries received in this suit.

**RULING RESERVED.**


**Motion to Strike Paragraphs (H) and (I) on page 5 of Defendant's Expert's Report**

Plaintiff contends some of the defendant's expert Patrick McCarthy's conclusions in his report go beyond mere expert testimony concerning, for example, the appropriate use of force. More specifically, plaintiff objects to the expert offering assessments about the credibility of witnesses. On page 5 of McCarthy's report he makes the following conclusions:

> H. The statements of the lay witnesses who had been drinking are too varied in the relevant portions to be given much credibility. As impaired and untrained observers, the lay witnesses probably mistook the open hand defensive maneuver to the brachial plexus as a punch to the face.
>
> I. The observations of those closest to the actual attack on the officer were recounted and regaled in after incidents discussion [sic] evidenced by the lay witnesses' depositions wherein many refer to "I heard" or "somebody said." This contamination combined with coaching by Plaintiff's mother causes their credibility to be suspect.

**(Doc. 106-2, p. 5).**

According to plaintiff, the testimony of these witnesses is critical to the case inasmuch as five of them claim that defendant Donahey struck plaintiff with a closed fist in the face, while Donahey denies he struck plaintiff in the face, stating instead that he struck plaintiff's brachial plexus.

Defendant Donahey counters that plaintiff's expert, George Kirkam, has also made an assertion regarding the credibility of witness Jordon Rouff. Defendant argues, "Plaintiff cannot open the door for such testimony and then object when rebuttal testimony is presented. **(Doc. 109, pp. 8-9).**

**GRANTED. Defendant's argument assumes a procedural posture that has not occurred, and that "two wrongs make a right." Defendant was free to formally object to plaintiff's witness's statement on the same grounds, but to date defendant has failed to do so. The Court agrees that Patrick McCarthy's statements in paragraphs H and I of his report, *as stated*, contain impermissible conclusions regarding the witnesses and their statements. Therefore, paragraphs H and I cannot be presented to the jury as stated, although McCarthy may testify to the gist of what is in those paragraphs by, for example,**

7

**noting inconsistent witness statements or the brachial plexus maneuver vis-a-vis the face.**

### Plaintiff's Second Motion in Limine

Plaintiff moves to prohibit defendant from offering any evidence regarding the following enumerated categories of information:

1. Any evidence from Defendant's expert witness regarding the credibility of Plaintiff's witnesses as, for example, mentioned in paragraphs (H) and (I) of his report (Exhibit A). "Such testimony is a direct and explicit commentary on the credibility of witnesses, and constitutes a usurpation of the jury's role." Richman v. Sheahan, 415 F.Supp.2d 929, 942 (N.D.Ill. 2006).

**GRANTED. The Court will apply the Rules of Evidence to all witnesses and evidence.**

**IT IS THEREFORE ORDERED** that plaintiff Berardi's Motion to Strike and Motion in Limine **(Doc. 106)** is **GRANTED IN PART AND DENIED IN PART** as detailed above. Insofar as the Court reserved ruling, the motion is deemed denied, in that the motion shall be fully termed, but plaintiff is free to renew those evidentiary objections at trial.

**IT IS SO ORDERED.**

**DATED: September 10, 2009**

                                              **s/ Clifford J. Proud**
                                              **CLIFFORD J. PROUD**
                                              **U. S. MAGISTRATE JUDGE**