IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAMON BERARDI**,  )
)
      Plaintiff,  )
)
V.  )  Civil No. **05-898-CJP**
)
**VILLAGE OF SAUGET, ILLINOIS, et al.,**  )
)
      Defendants.  )

## ORDER

**PROUD, Magistrate Judge:**

On September 11, 2009, the parties appeared for jury selection in the above-captioned case. According to the final pretrial order, the nature of the case is:

> Plaintiff, Damon Berardi, brings this claim of personal injuries pursuant to 42 USC 1983. Berardi contends Defendant, Jeff Donahey, an officer employed by Defendant Village of Sauget, employed excessive force on December 27, 2004 when Donahey discharged his Taser and when he struck Damon Berardi's eye with his fist.
>
> Defendants state that Plaintiff was resisting arrest. Defendant Officer Donahey states he used the force necessary after he was grabbed by Plaintiff Berardi and denies striking Plaintiff Berardi with his fist.

**(Doc. 105, p. 2).** However, the complaint includes: (1) Count I, brought pursuant to 42 U.S.C. § 1983, alleging the unconstitutional use of excessive force; *and* (2) Counts IV and V, alleging assault and battery under state law. **(Doc. 1).** Upon inquiry by the Court, plaintiff indicated that he wanted to proceed to trial on the federal and state law claims, but based on the framing of the case in the final pretrial order, defendant– like the Court– had been proceeding under the assumption that only the Section 1983 federal claim was proceeding to trial. Defendant did not

1

elect to consent to proceeding with the State law claims.

In *Wilson v. Kelkhoff*, 86 F.3d 1438 (7th Cir. 1996), the Court of Appeals for the Seventh Circuit succinctly explained: "[W]hen the district court enters a pretrial order, 'the pretrial order is treated as superseding the pleadings and establishes the issues to be considered at trial.'" **Id. at 1442 (internal citations omitted);** *see also Harper v. Albert*, **400 F.3d 1063 (7th Cir. 2005).** Although the federal and state claims are *very* similar, plaintiff was responsible for drafting the statement of the case, which only mentions Section 1983. The final pretrial order is not ambiguous.

**IT IS THEREFORE ORDERED** that only Count I, brought pursuant to 42 U.S.C. § 1983, alleging the unconstitutional use of excessive force, shall proceed to trial. Counts IV and V are deemed superseded by the final pretrial order.

**IT IS SO ORDERED.**

**DATED: September 11, 2009**

s/ Clifford J. Proud
**CLIFFORD J. PROUD
U. S. MAGISTRATE JUDGE**