IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAMON BERARDI**,  )
                    )
    Plaintiff,  )
                    )
V.                  )   Civil No. **05-898-CJP**
                    )
**VILLAGE OF SAUGET, ILLINOIS, et al.,**  )
                    )
    Defendants.  )

## ORDER

**PROUD, Magistrate Judge:**

On September 11, 2009, the parties appeared for jury selection and were able to provide the Court with additional information regarding an aspect of plaintiff's motion in limine that previously could not be decided on the merits, but which remains. Plaintiff seeks to limit the introduction of any evidence, statement, or argument of crimes committed by plaintiff including, especially, the conviction for an ordinance violation in connection with the events of December 26-27, 2004." (*See* **Doc. 106**).

Plaintiff argues that, in accordance with Federal Rule of Evidence 404, such evidence cannot be employed properly to prove character; and under Federal Rule of Evidence 609(a)(1), the probative value of admitting such evidence does not outweigh its prejudicial effect. Defendant's objection was based on the understanding that plaintiff pled guilty to disorderly conduct relative to the night at issue in this action. (*See* **Doc. 109**). However, defendant now agrees that the disorderly conviction was not due to a plea of guilty.

The disorderly conduct conviction is the only "other crimes or acts" evidence specifically before the Court. That conviction is, as a general matter, inadmissible under Federal Rule of

1

Evidence 404(b). In this civil rights action regarding whether excessive force was used, although from defendant's perspective plaintiff's disorderly conduct conviction tends to make any force used more probable. However, given that there was no plea, the nature of the conviction could confuse the jury about key factual disputes and be overly prejudicial to plaintiff.

**IT IS THEREFORE ORDERED** that plaintiff's motion to limit the introduction of any evidence, statement, or argument of crimes committed by plaintiff including the conviction for an ordinance violation in connection with the events of December 26-27, 2004, is **GRANTED**.

**IT IS SO ORDERED.**

DATED: September 11, 2009

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**